**Gusta Wheeler SUBLETT et al., Appellants,**

v.

**Beulah M. RUNYAN et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1958.

W. A. Johnson, Paintsville, for appellant.

M. O. Wheeler, Paintsville, for appellee.

STEWART, Judge.

The only issue raised in this appeal is whether there was a valid delivery of a deed of conveyance from Mollie Wheeler, the grantor, to Bradley Wheeler, Ernie Wheeler and Gusta Wheeler Sublett, the grantees. The latter are appellants, and we shall refer to each by his or her Christian name. The trial judge who heard proof by deposition decreed there had been no delivery so as to pass title. The grantees have appealed from this ruling.

Mollie Wheeler, a widow, owned considerable property in Paintsville. She was the mother of five children, two of whom predeceased her, each survived by two daughters. In May of 1953, Mollie Wheeler requested her attorney, R. B. Harrington, to come to her home in order to seek his advice about disposing of certain of her real estate to appellants. Among other things, she desired to transfer the title to several improved lots to appellants but she also wanted to retain control of the properties and income during her lifetime. Harrington prepared a joint deed to appellants a few days later, reserving therein a life estate in favor of Mollie Wheeler. After this deed was executed, Harrington stated he left it with Mollie Wheeler, with the suggestion that it be turned over to her daughter, Gusta.

Gusta's testimony was taken by plaintiffs-appellees as if under cross-examination and therein she said the deed was turned over to her by Mollie Wheeler "for

safekeeping" and was placed by her in a lockbox at a bank in Paintsville. She also testified that Mollie Wheeler retained control of this deed during the latter's lifetime. Later, in her deposition taken by her attorney, Gusta · changed this statement, saying she had control of the instrument the whole time involved.

According to Gusta, the joint deed remained in the lockbox almost a year and then, a few weeks before Mollie Wheeler's death, she asked that it be returned to her in order that it could be changed to convey a portion of the lots to Bradley and the other portion to Ernie. This proposed alteration would have omitted Gusta as a grantee and, of course, divested her of all interest in the properties. Gusta restored the deed to Mollie Wheeler where it stayed until after her death on May 10, 1954. It was found thereafter by Gusta in a buffet drawer in Mollie Wheeler's home. Mollie Wheeler died before her new plan of disposing of the lots was carried out. Gusta repossessed the joint deed.

However, Gusta told Bradley and Ernie that Mollie Wheeler wanted them to have the properties described in the deed previously made out to the three of them. She, Bradley and Ernie then went to the law office of R. B. Harrington and there she directed this attorney to draft deeds to Bradley and Ernie in accordance with the wish Mollie Wheeler expressed to Gusta on the eve of the mother's death. The attorney prepared deeds accordingly. Gusta, her husband joining in, conveyed the entire interest held by her under the joint deed to Bradley and Ernie and they, in turn, made deeds dividing the joint property between themselves.

Approximately a month after the death of Mollie Wheeler, her grandchildren of the two deceased children, appellees herein, instituted this action against appellants alleging that Mollie Wheeler had died intestate survived by appellants and appellees as her heirs, and that Mollie Wheeler at the time of her death was the owner of the improved lots covered by the joint deed made out to appellants. They demanded that this deed be cancelled, as well as the subsequent conveyances that were executed by appellants among themselves affecting these lots, and that the properties be ordered sold for a division of the proceeds among the lawful heirs of Mollie Wheeler. The lower court granted the relief sought in the complaint.

This is a fact case and under CR 52.01 where the trial judge has made a factual finding based upon the evidence presented, as was done here, this Court may not set aside such a finding unless it was clearly erroneous.

It is essential to the validity of a deed that there be an absolute delivery of the instrument. The question of delivery is generally determined by the intention of the parties, and there must be some act or declaration from which an intention to deliver can be inferred. See Dunbar v. Meadows, 165 Ky. 275, 176 S.W. 1167, 1169. In this same case this pertinent language appears: "It does not follow that there has been a delivery of a deed from the fact that at some time it may have been in the possession of the grantee, for at such times it may have come into the hands of the grantee without any intention on the part of the grantor to make a delivery."

A review of the evidence in this case could, without any difficulty, lead us to the same conclusion the trial judge reached, namely, no delivery so as to pass title was made of the joint deed. Not only Gusta's statements but her conduct denote she did not believe the properties had vested in her, Bradley and Ernie under this conveyance. Her testimony that the joint deed was turned over to her "for safekeeping" and that the control of this instrument remained with her mother clearly indicates she did not consider the transfer of the lots had been consummated.

Added to these declarations are Gusta's acts. When Mollie Wheeler sent for the

joint deed Gusta promptly returned it to her. Mollie Wheeler then told Gusta she wanted the lots divided in a certain manner between Bradley and Ernie. As a result of this division Mollie Wheeler requested Gusta would be left without any interest in the properties. It will be recalled Mollie Wheeler died before such transfers could be made. Nevertheless, Gusta, the obedient daughter, undertook after Mollie Wheeler's death to carry out her mother's plan by having the attorney draft a deed conveying all the lots in question to Bradley and Ernie, which conveyance she and her husband executed and delivered to them, and, at the same time, caused to be conveyed to each brother the lots Mollie Wheeler had specified.

We conclude the record in this case fully sustains the finding of the lower court that there was no delivery of the joint deed so as to pass title to appellants.

Wherefore, the judgment is affirmed.