**Roger D. LEASOR, Sr. and Angela L. Leasor, Appellants,**

v.

**Roy BAILEY, Juanita Bailey, Edward F. Redmon and Frank Chambers & Associates, Realtors, Appellees.**

Court of Appeals of Kentucky.

April 25, 1986.

Richard H. Shuster, Louisville, for appellants.

Stephen J. Tillman, Louisville, for appellees, Roy Bailey and Juanita Bailey.

William Katzinski, Louisville, for appellees, Edward F. Redmon and Frank Chambers & Associates, Realtors.

Before COMBS, DUNN and HOWARD, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court, entered in favor of appellees in their quiet title action against appellants.

Appellant Angela Leasor is the adopted daughter of appellees Roy and Juanita Bailey. Because the Leasors had limited financial resources, the Baileys offered to give them $15,000.00 to be used as a down payment on a house. The Baileys intended to make the gift in order to provide Angela, her husband and her three children with a stable and secure environment.

Appellee Edward Redmon, a licensed real estate agent, located an appropriate home on behalf of the Baileys. However, the Leasors could not afford financing at the then-current market rates. For that reason, Roy and Juanita Bailey purchased the home in their own names with a $15,000.00 cash down payment, financing the balance. The Leasors moved into the home shortly after the purchase.

Several months later, Cumberland Federal Savings and Loan Association acquired some low-interest mortgage money. After learning of the money, the Baileys initiated loan negotiations with Cumberland Federal. Cumberland Federal needed a real estate purchasing agreement and a gift letter to complete its file on the loan application. As an accommodation to the Baileys, Redmon filled out a standard real estate purchasing agreement showing the Baileys as sellers and the Leasors as buyers. The Baileys also executed a gift letter which provided that the Baileys "have given/will give a gift of $15,000.00 equity in home to [Angela Leasor]." The Leasors gave up nothing of value in exchange for the contract and the gift letter. In fact, the contract provided that the Baileys would pay all processing fees, points and closing costs.

While the loan was being processed, the Leasors informed the Baileys that they would prefer to receive a $15,000.00 cash gift instead of the equity in the home. The Leasors told the Baileys that they could not afford to buy the home, and that they would rather use the cash to pay off some old debts and purchase a mobile home. The Leasors convinced the Baileys that they would sell the home after the gift and financing was completed, take whatever cash they could net, and do with it as they pleased.

As a result, the Baileys decided not to make the gift and called Redmon for assistance in cancelling the loan application. After breaking off negotiations with the bank, the Baileys brought this action against the Leasors seeking back rent, eviction and a declaration that they are the sole owners of the subject property. The Leasors counterclaimed against the Baileys for the value of the gift and for tortious interference with the loan application. The Leasors also filed a third party complaint against Redmon and his employer alleging tortious interference with contractual relations. The lower court granted the Baileys summary judgment on their claims against the Leasors, dismissed the Leasors' counterclaim, and dismissed the Leasors' third-party complaint against Redmon.

The Leasors raise two issues on appeal. First, they allege that the trial court erred in declaring the Baileys the sole owners of the subject property because "the Baileys constructively delivered to the Leasors a gift of $15,000.00 equity in their house." The Leasors' contention is entirely frivolous and flies in the face of the statutory law of this Commonwealth. KRS 382.010 states:

> The owner may convey any interest in real property not in the adverse possession of another; *but no estate of inheritance or freehold,* or for a term of more than one year, *in real property shall be conveyed, except by deed or will.* [Emphasis added].

∎ In this case, the Baileys did not convey their equity interest in the subject property to the Leasors by deed or by will. Although the Baileys contemplated making a gift of that equity interest to the Leasors at one time, that gift was never completed by delivery of a deed. *Sublett v. Runyan,* Ky., 316 S.W.2d 362 (1958). It is hornbook law that a donor may revoke his intended gift any time prior to delivery and acceptance. *Aetna Insurance Company of Hartford, Connecticut v. Eblen,* 266 Ky. 548, 99 S.W.2d 710 (1937). Since the Baileys rescinded their gift to the Leasors prior to the delivery of a deed, there was no gift and the Leasors have no interest in the subject property. *Wolf v. Harper,* 313 Ky. 688, 233 S.W.2d 409 (1950).

∎ The Leasors also argue that the court erred in dismissing their claims for malicious interference with contractual relations against the Baileys and Redmon. The Leasors' position offends this court. The record clearly shows that Roy and Juanita Bailey initiated loan negotiations with Cumberland Federal. The record clearly shows that not only did Roy and Juanita Bailey pay the loan application fee, they also picked up the incidental processing expenses and were scheduled to pay points and closing costs when the transaction closed. When the Baileys elected not to make the gift to their daughter, they wisely decided to break off negotiations at the bank, with Redmon's assistance to minimize their costs. In fact, we find no hint of malice by any of these appellees to support the Leasors' claim for tortious interference with contractual relations.

In closing, we note that this appeal is wholly devoid of either factual or legal merit. It is a complete and utter waste of time for this court, appellees, and appellees' counsel.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.